IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | CR-05-BE-0063-J |
| ] | |
| **BRYAN WILLIAM HOOBLER,** ] | |
| ] | |
| **Defendant.** ] | |

**ORDER**

This matter is before the court on the Magistrate's Report and Recommendation (doc. 104) as to Defendant's "Motion for a New Hearing Regarding the Defendant's Competency" (doc. 99), to which Defendant filed objections (doc. 105). Having reviewed all the submissions, including the various competency evaluations, the court determines that the Report and Recommendation should be ACCEPTED, and Defendant's motion DENIED.

In his objections, Defendant points to alleged differences in the qualifications of the persons preparing the reports as to their evaluation of Defendant's mental competency. The court is not persuaded. The psychological examination conducted by the Bureau of Prisons was performed by Dr. Campbell, a Ph.D. in forensic psychology. The report on which Defendant relies was conducted by Dr. Dhaliwal, an M.D., who appears to write numerous academic articles, but his vitae attached to Defendant's objections does not reflect any clinical practice beyond 2000 when he apparently was a chief resident in Child Psychiatry at University of California, San Diego. Further, Dr. Dhaliwal expressed <u>legal</u>, not factual conclusions, and the

facts contained in his report did not support his legal conclusion. As stated in the Report and Recommendation, memory loss is not sufficient to support a conclusion that a Defendant cannot assist his lawyer. In short, the factual statements in Dr. Dhaliwal's report do not support a finding of incompetency to stand trial.

Thus, the Defendant has not presented any new evidence of a psychiatric or psychological condition or disease that prevents him from understanding the nature of the proceedings against him. Nothing contained in Dr. Dhaliwal's report, had it been offered at the first hearing, would have changed the outcome because memory loss alone is not sufficient to establish lack of competency to stand trial. Therefore, a second hearing is unwarranted.

A separate order will be entered setting this case for trial.

DONE and ORDERED this 15th day of March 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE